UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HECTOR MANUEL MARQUEZ PALENCIA,

Petitioner,

v. Case No.: 2:26-cv-02210-SPC-KRH

MARKWAYNE MULLIN *et al.*,

Respondents,

______________________________/

**OPINION AND ORDER**

Before the Court are Hector Manuel Marquez Palencia's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Marquez Palencia is a native and citizen of Venezuela who entered the United States on January 24, 2022. Customs and Border Patrol (CBP) briefly detained him, conducted an interview and background check, and determined he "does not appear to be a threat to national security or public safety[.]" (Doc. 4-1). CBP commenced removal proceedings with a notice to appear and issued a Notice of Custody Determination, which announced CBP's determination that Marquez Palencia would be release on his own recognizance "pending a final administrative determination" in his removal case. (Doc. 4-1 at 8). Since then, Marquez Palencia has applied for asylum, received temporary protected status (which has since expired), and obtained Social Security documentation

and employment authorization through 2030. He leases an apartment in Pompano Beach, Florida with his fiancé, and he has no criminal record other than minor traffic violations. He has other family connections in the United States, including his parents and a sibling.

On March 13, 2026, local police arrested Marquez Palencia for driving without a license, and Immigration and Customs Enforcement ("ICE") issued an immigration detainer. ICE took custody of Marquez Palencia on March 15, 2026. He appeared for a custody redetermination hearing on April 15, 2026, but withdrew the bond request. At a second custody redetermination hearing on May 27, 2026, Immigration Judge Michael Walleisa denied bond with the following order:

> The burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond. In general, an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk. Matter of Patel, 15 I&N Dec. 666 (BIA 1976); Matter of Guerra 24 I&N Dec 37 (BIA 2006).
>
> The Court finds that Respondent has not met his burden in establishing he is a suitable bail risk. The court finds that the Respondent presents a risk of flight. See, Matter of Guerra, supra.

(Doc. 4-1 at 18).

Marquez Palencia claims his detention violates the Immigration and Nationality Act (INA) and the Fifth Amendment. He requests release from custody or, alternatively, another bond hearing. In response, the government

argues Marquez Palencia's petition is moot because he already had a bond hearing. The government's mootness argument is only partially correct. Marquez Palencia remains in ICE detention, and his Fifth Amendment claim challenging that detention still "presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). Marquez Palencia's alternative request for a bond hearing is the only part of the case that is now moot.

The government also points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. § 1226(e) does not apply here because Marquez Palencia does not ask the Court to review Judge Walleisa's decision.

Because Marquez Palencia's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The government argues Marquez Palencia is not entitled to release because, as the Supreme Court has recognized, "detention during [removal] proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). But the government's authority to detain under § 1226 is not unfettered. The Supreme Court has also recognized

that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An action is arbitrary if it "involve[es] a determination made without consideration of or regard for facts, circumstances, fixed rules, or procedures." *Arbitrary*, BLACK'S LAW DICTIONARY (12th ed. 2024).

CBP's decision to release Marquez Palencia on recognizance in 2022 was not arbitrary. A CBP officer made that decision after interviewing Marquez Palencia, conducting a background check, and considering his circumstances. At no point has the government suggested the initial decision was wrong in any respect, or that changed circumstances justify a different result. What is more, nothing in the record or briefing suggests Marquez Palencia's re-arrest

was based on consideration of the facts and circumstances. The reversal of the initial custody determination without explanation was arbitrary.

In sum, Marquez Palencia made a *prima facie* case that his detention violates his Fifth Amendment liberty rights, and the government presents no justification for his detention.

Accordingly, it is hereby

**ORDERED**:

Hector Manuel Marquez Palencia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Marquez Palencia and give him telephone access so he can facilitate his transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record